UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WALI SALEEM,

    Plaintiff,

v.                         Case No.  4:18cv473-MW-CJK

CENTURION OF FLORIDA, LLC, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983.  (Doc. 1).  For the reasons that follow, the undersigned recommends that this case be transferred to the United States District Court for the Middle District of Florida, based on venue considerations.

Plaintiff is an inmate of Union Correctional Institution in Raiford, Florida. Plaintiff's complaint names nine defendants:  Centurion of Florida, LLC; John Does #1-3 (unidentified Centurion employees); Dr. E. Perez-Lugo; Thomas Reimers; Dr. Erron Campbell; Dr. Daniel Cherry and Florida Department of Corrections Secretary Julie Jones.  Plaintiff claims the defendants are denying him adequate medical treatment for his serious health condition (Hepatitis C), in violation of the Eighth Amendment.  Plaintiff is suing the individual medical defendants based on their personal involvement in determining his care at Union CI.  Plaintiff is suing

Centurion and Secretary Jones on the grounds that they adopted and continue to follow the unconstitutional policy and practice of Centurion's predecessor, Corizon Health, LLC.  (Doc. 1, pp. 1-15).  As relief, plaintiff seeks damages against Centurion and the individual defendants, and an injunction against Secretary Jones "for treatment, (recommendations for liver transplant) ameliorative care, including pain medications, (all to be determined)."  (Doc. 1, p. 16).

In response to a question on the complaint form, plaintiff discloses that he filed another lawsuit in federal court dealing with the same or similar facts and legal issues:  *Salem v. Corizon, LLC, et al*., Case No. 3:15cv1195-TJC-PDB, a case he filed in the Middle District.  (Doc. 1, p. 3).  Plaintiff represents the status of that case as "Settled"; however, the court takes judicial notice of the electronic docket in Middle District Case No. 3:15cv1195-TJC-PDB, which indicates that the case is still pending.  Plaintiff is represented by counsel and, although his claims against five individual defendants settled last July, his medical deliberate indifference claims against Corizon Health Inc. remain pending and are in the discovery stage.  *See* Case No. 3:15cv1195-TJC-PDB, Docs. 62-64.

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which

>the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*. Furthermore, 28 U.S.C. § 1404 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *Mills v. Beech Aircraft Corp*., 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."); *Empire Gas Corp. v. True Value Gas of Fla., Inc*., 702 F. Supp. 783, 784 (W.D. Mo. 1989) (a court may consider transferring a case for the convenience of the parties on its own motion).

According to plaintiff's own allegations, at least half of the defendants named in this case (Centurion, Perez-Lugo and Cherry) are located in the Middle District. The events underlying this action arose at Union CI, which is located in the Middle

District.  Plaintiff has a counseled lawsuit with common questions of law and fact pending in the Middle District.  Neither the private interests of the litigants nor the public interest in the administration of justice is even minimally advanced by maintaining a parallel *pro se* action in this District.

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be TRANSFERRED to the United States District Court for the Middle District of Florida.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 23rd day of October, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.